**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**GIOVANNI RODRIQUEZ,**

    Plaintiff,

v.

**CITY OF MOULTRIE, GEORGIA** and **MOULTRIE POLICE DEPARTMENT**,

    Defendants.

Civil Action No. 7:13-CV-60 (HL)

**ORDER**

This case is before the Court on Defendants' Motion for Summary Judgment (Doc. 14). For the reasons discussed below, the motion is granted.

**I.   SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotations omitted)). Where the moving party makes such a

showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505 (1986).

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Trial Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986))."If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted).

Plaintiff did not file a response to Defendants' motion. The Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1011 (11th Cir. 2004). The Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." Id.

## II. FACTS

### A. Local Rule 56

In accordance with Local Rule 56, Defendants filed a statement of material facts to which they contend there is no genuine dispute. (Doc. 15). As required by Local Rule 56, each fact statement is supported by a specific citation to the record. *See* M.D. Ga. L.R. 56.

Local Rule 56 requires the respondent to respond to each of the movant's numbered material facts. "All material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56. Plaintiff did not file any response to the statement of material facts. Therefore, in accordance with Local Rule 56, the facts contained in Defendants' statement are deemed admitted.

Even though Defendants' submitted facts are deemed admitted, Defendants "continue[] to shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008). The Court must "review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Id. at 1269 (quotation and internal quotation marks omitted). The Court has so reviewed the record, and viewed in the light most favorable to Plaintiff, finds the facts for purposes of summary judgment to be as follows.

B.     **Relevant Factual Background**

Plaintiff is a Hispanic male. He was hired by the City of Moultrie in January of 2006 to work as a police officer. Plaintiff resigned his employment with the City on March 3, 2013.

Hope Allen is an African-American female. She began working for the City as a police officer on July 9, 2012. Shortly after Ms. Allen was hired, she was placed on a shift that was supervised by Sergeant Daniel Lindsay. Plaintiff also worked on Sergeant Lindsay's shift at this time. Corporal Rocky Hancock was assigned as Ms. Allen's field training officer and direct supervisor. Corporal Hancock and Sergeant Lindsay are both Caucasian males.

On or about July 25, 2012, Ms. Allen submitted a letter to Frank Lang, the Chief of Police. In the letter, Ms. Allen complained that Corporal Hancock exchanged racial comments with Shunell Borders, an African-American female police officer. Ms. Allen also stated that Corporal Hancock showed her videos of a Caucasian female impersonating an African-American female working at a hamburger restaurant and as a flight attendant. She further stated in the letter that Corporal Hancock showed her a photograph of Ms. Borders holding a box of Cracker Jacks that had been altered to read "Nigger Jacks." Ms. Allen also submitted a memorandum to Chief Lang regarding an incident between Ms. Allen and John Vickers, who was working as a police officer for the City at the time, in which Mr. Vickers allegedly called Ms. Allen a bitch.

After receiving the letter and memorandum from Ms. Allen, Chief Lang assembled a panel of City employees to investigate the allegations made by Ms. Allen. Plaintiff was interviewed by the panel. During his interview, Plaintiff told the panel that he had altered a bag of Cracker Jacks so that it read "Nigger Jacks" or "Nigga Jacks." Plaintiff altered the bag while at work at the Police Department, and presented the altered bag to Ms. Borders in, or immediately outside, the briefing room at the Police Department. Ms. Borders was then photographed holding the bag while wearing her police uniform.

On August 10, 2012, Chief Lang notified Plaintiff by letter that he was being placed on Decision Making Leave for one day. Chief Lang wrote in relevant part that "your level of participation in this pervasive and disrespectful behavior played a major role in creating a hostile work environment. . . .In your interview you admitted to writing on the Cracker Jack bag to cross out the letters C-R-A-C-K and wrote in N-I-G-G to have the bag read 'Nigger Jacks'. . . .Your actions clearly crossed the line when you engaged in the disgusting and racist acts, and the fact that you openly participated in creating the environment, leads me to question if the law enforcement profession is right for you. . . .After much consideration, I have decided to place you on Decision-Making Leave (DML), with pay on Tuesday, August 14, 2012." Sergeant Lindsay, Corporal Hancock, Mr. Vickers, and Ms. Borders were all also placed on Decision Making Leave for one day by Chief Lang.

On December 4, 2012, Plaintiff signed a Charge of Discrimination in which he alleged that the Police Department discriminated against him on the basis of his race. The basis of the Charge of Discrimination was Plaintiff's placement on Decision Making Leave. On February 12, 2013, the EEOC issued a Notice of Right to Sue with respect to the Charge.

On April 29, 2013, Plaintiff filed his complaint in this case. Plaintiff alleges that Defendants violated 42 U.S.C. § 2000e and 42 U.S.C. § 1981 by discriminating against him on the basis of race. Defendants now move for summary judgment on all claims raised in Plaintiff's complaint.

### III. DISCUSSION

#### A. Claims against the Moultrie Police Department

Defendants move to dismiss all claims against the Moultrie Police Department because it is not an entity capable of being sued. The Court agrees. The issue of whether an entity is capable of being sued is determined by the law of the state in which the district court is located. Fed.R.Civ.P. 17(b)(3). Thus, in this case, Georgia law controls. The Georgia Supreme Court has explained that "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 318, 368 S.E.2d 500, 502 (1988) (quotation omitted). A police department does not fall into any of

these categories, and therefore is not capable of being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."); Presnell v. Paulding County, 454 F.App'x 763, 768 (11th Cir. 2011). Accordingly, all claims against the Moultrie Police Department are dismissed.

> B. **Title VII Discrimination Claim**

To make a prima facie case for Title VII race discrimination, Plaintiff must show (1) that he is a member of a protected class, (2) that he suffered an adverse employment action; (3) that the employer treated similarly situated employees outside his classification more favorably, and (4) that he was qualified for the position. Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997). The City does not dispute that Plaintiff is a member of a protected class, that he suffered an adverse employment action, or that he was qualified for his job. The City does dispute that Plaintiff was subjected to disparate treatment.

During his deposition, Plaintiff testified that Travis Stokes, Kizzie Richard, and Tamika Scott were all treated more favorably than him. In response, the City contends that none of these individuals are proper comparators for purposes of establishing a prima facie case.

To determine whether employees are similarly situated for purposes of establishing a prima facie case, "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir.

7

1999). To properly evaluate comparator evidence, "the quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id.

In McCann v. Tillman, 526 F.3d 1370 (11th Cir. 2008), the Eleventh Circuit analyzed a plaintiff's Title VII discrimination claim and applied the "nearly identical" standard for comparators. Id. at 1374. The court adopted this standard over the objections of the plaintiff, who argued for a "similar" standard for comparators. In adopting the stricter "nearly identical" standard, the Eleventh Circuit recognized the difficulty faced by the plaintiff in meeting the standard, but stated that "we are bound by precedent to adhere to the 'nearly identical standard.'" Id. at 1374 n. 4. Thus, the "nearly identical" standard applies in the present case.

All three of the purported comparators are African-American. Plaintiff testified, based mainly on hearsay and rumors, that Ms. Scott was involved in two domestic disturbances, that Ms. Richard committed perjury on two occasions, and that Mr. Stokes was part of a motorcycle gang that was involved in a disturbance and also fled from a Georgia State Patrol officer while riding a motorcycle. Plaintiff believed that these officers were not punished for any of this alleged conduct.

As correctly pointed out by the City, none of the alleged incidents involving Mr. Stokes, Ms. Richard, or Ms. Scott involved participating in an offensive, race-

8

based "joke" while on duty at the police station. The other three officers' misconduct is in no way nearly identical to Plaintiff's misconduct. In fact, the proper comparator, Ms. Borders, was treated in exactly the same manner as Plaintiff, in that she was also given one day of Decision Making Leave.

In the Eleventh Circuit, "[i]f a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." Coar v. Pemco Aeroplex, Inc., 372 F.App'x 1, 3 (11th Cir. 2010) (quoting Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1092 (11th Cir. 2004)). Here, Plaintiff has shown no other evidence of discrimination. Therefore, the Motion for Summary Judgment on the Title VII claim is granted.

### C.   42 U.S.C. § 1981 Claim

As the Moultrie Police Department has been dismissed from the case, Plaintiff's § 1981 claim remains against the City of Moultrie alone. The City argues that Plaintiff's § 1981 claim should be dismissed because such claims must be brought pursuant to 42 U.S.C. § 1983, as § 1983 provides the exclusive remedy against state actors for violations of the rights contained in § 1981, and Plaintiff did not assert a § 1983 claim in his complaint.

The Court agrees with the City that Plaintiff's § 1981 claim fails as a matter of law. *See* Butts v. County of Volusia, 222 F.3d 891, 892-95 (11th Cir. 2000) (explaining that a claimant cannot proceed with a cause of action against a state actor based solely on § 1981); Rioux v. City of Atlanta, 520 F.3d 1269, 1273 n. 3

(11th Cir. 2008). Plaintiff cannot bring an independent claim under § 1981 against the City. Thus, the City is entitled to summary judgment on this claim.

## IV.   CONCLUSION

Defendants' Motion for Summary Judgment (Doc. 14) is granted.


**SO ORDERED**, this the 7th day of March, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**


mbh